**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AKZO NOBEL COATINGS INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| DOW CHEMICAL COMPANY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Akzo Nobel Coatings Inc. ("Akzo" or "Plaintiff") through its attorneys, for its complaint against defendant Dow Chemical Company ("Defendant"), upon knowledge as to its own acts and upon information and belief as to all other matters, state and allege as follows:

## THE PARTIES

1.      Plaintiff is a corporation organized under the laws of the State of Delaware, having a place of business at 16651 Sprague Road, Strongville, Ohio 44136.

2.      Upon information and belief, Defendant is a corporation organized under the laws of Delaware with a place of business at 2030 Dow Center, Midland, Michigan 48674. Defendant's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware, 19801.

## NATURE OF THE ACTION

3.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and seeking damages, along with permanent injunctive relief under 35 U.S.C. §§ 281-285.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because Defendant, on information and belief, is incorporated in the State of Delaware and conducts business in this District.

6.      Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, on information and belief, Defendant resides in this judicial district for purposes of jurisdiction.

## STATEMENT OF THE FACTS

7.      On July 27, 2004, U.S. Patent No. 6,767,956 B1 ("the '956 patent"), entitled "Extrusion Process," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '956 patent is attached hereto as Exhibit A.

8.      Plaintiff owns by assignment all right, title, and interest in and to the '956 patent.

## COUNT I
## INFRINGEMENT OF THE '956 PATENT

9.      Plaintiff repeats and realleges the allegations contained in paragraphs 1-9 of this Complaint as though fully set forth herein.

10.      On information and belief, Defendant is directly infringing one or more claims of the '956 and/or inducing or contributing to the direct infringement of those claims by third parties, all literally and/or under the doctrine of equivalents.

11.      On information and belief, Defendant has infringed the '956 patent in violation of 35 U.S.C. § 271(a) by way of its activities involving the manufacture of aqueous polymer

dispersions, including the manufacture using Defendant's "Bluewave" process.  On information and belief, these aqueous polymer dispersions are manufactured, used, sold and/or offered for sale in the United States by Defendant.

12.      Defendant's infringement of the '956 patent has been, and continues to be, willful and objectively reckless.

13.      As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be established at trial.

## DEMAND FOR JURY TRIAL

14.      Plaintiff hereby demands a trial by a jury of twelve pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of a judgment from this Court:

(a)      that Defendant is directly infringing one or more claims of the '956 patent, and/or inducing or contributing to the infringement of those claims by others, either literally and/or under the doctrine of equivalents;

(b)      that Defendant's infringement is willful and that this is an exceptional case under 35 U.S.C. § 285;

(c)      permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with them from infringing, inducing the infringement of, or contributing to the infringement of the '956 patent;

ME1 14208313v.1

(d)      awarding Plaintiff the damages to which it is entitled under at least 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement, including both compensatory damages and treble damages for willful infringement;

(e)      awarding Plaintiff its costs of this action (including all disbursements), as well as its attorneys' fees as provided by 35 U.S.C. § 285;

(f)      awarding Plaintiff  pre-judgment and post-judgment interest on its damages; and

(g)      awarding Plaintiff such other and further relief in law or equity to which Plaintiff may be justly entitled.

Dated: October 4, 2012

*Of Counsel:*

Richard DeLucia, Esq.
Michael D. Loughnane, Esq.
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 908-6225

McCARTER & ENGLISH, LLP

 _/s/ Michael P. Kelly_____
Michael P. Kelly (DE #2295)
Daniel J. Brown (DE #4688)
Daniel M. Silver (DE #4758)
Renaissance Centre
405 N. King Street 8th Floor
Wilmington, DE 19801
Tel: (302) 984-6300
Fax: (302) 984-6399
mkelly@mccarter.com
djbrown@mccarter.com
dsilver@mccarter.com

*Attorneys for Plaintiff
Akzo Nobel Coatings, Inc.*

ME1 14208313v.1