IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AKZO NOBEL COATINGS, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 12-1264-LPS |
| DOW CHEMICAL COMPANY, | : |
| Defendant. | : |

## ORDER

At Wilmington this 26th day of January, 2015:

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that the disputed claim language of U.S. Patent No. 6,767,956 ("the '956 Patent") shall be construed as follows:

A. **"vessel," "collection vessel," and "pressurized collection vessel,"** which appear in all of the claims, is construed to mean: "Tubing, piping, or other container where a desired material accumulates, which is maintained above atmospheric pressure."

B. **"maintaining the pressure above atmospheric for the extruder with a pressurized collection vessel,"** which appears in all of the claims, is construed to mean, "Maintaining the pressure at the outlet of the extruder at above atmospheric pressure."

C. **"the outlet and pressurized collection vessel at a pressure above atmospheric so that the aqueous medium does not boil,"** which appears in all of the claims, is construed to mean, "The outlet and pressurized collection vessel are kept above atmospheric pressure so that

1

the aqueous medium does not boil, but need not be kept at the same pressure."

D. **"viscosity below 10 Pa.s,"** which appears in all of the claims, is construed to mean, "viscosity below 10 Pa.s at room temperature."

E. **"aqueous medium,"** which appears in all of the claims, is construed to mean, "The aqueous medium is one that comprises largely water. There can be up to 40% by weight of water miscible organic solvents present in the aqueous medium."

F. **"the polymer is dispersed in an aqueous medium in an extruder at above 100°C,"** which appears in all of the claims, is construed to mean, "In an extruder, the polymer is dispersed in an aqueous medium at a temperature above 100°C."

G. **"process . . . carried out at a temperature of from 5 to 150°C above the melting point of the polymer,"** which appears in claim 2, 3, 4, 5, and 6, is construed to mean, "The elevated temperature phases of claim 1 are carried out at a temperature of from 5 to 150°C above the melting point of the polymer."

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment of Noninfringement (D.I. 60) is GRANTED.

The parties shall meet and confer and, no later than January 29, 2015, provide the Court with a joint status report, including their proposal(s) for how this case should proceed and any proposed order the Court should enter.

_____
UNITED STATES DISTRICT JUDGE